UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMEN HILL,

       Petitioner,

v.

JACK WELSH,

       Respondent.

Case No. 21-cv-12370
Hon. Matthew F. Leitman

_____/

## OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1); (2) DENYING CERTIFICATE OF APPEALABILITY; AND (3) GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Benjamen Hill is currently incarcerated at the Lenawee County Jail in Adrian, Michigan awaiting trial in state court. In his *pro se* petition for a writ of habeas corpus, Hill challenges his pending criminal prosecution in Lenawee County Circuit Court. For the reasons stated below, Hill's petition is **DISMISSED WITHOUT PREJUDICE**.

**I**

Hill has been charged with two counts of fourth-degree criminal sexual conduct. On May 19, 2021, the 2A District Court in Lenawee County, Michigan held a pre-examination hearing where it bounded Hill over to Lenawee County Circuit Court for trial. He is currently awaiting trial. Hill notes there will be a pre-trial conference on November 17, 2021.

1

In his petition, Hill asserts a number of grounds on which he challenges his pending prosecution. (*See* Pet., ECF No. 1, PageID.5-6.) He also claims, variously, that he (1) appealed these issues to the Michigan Court of Appeals and the Michigan Supreme Court, and/or (2) was denied the right to appeal by the trial court. (*Id.*, PageID.2-3.) A public records search does not indicate that Hill filed any such appeals to the Michigan Court of Appeals or the Michigan Supreme Court.

## II

The Court declines to grant Hill's petition. While Hill asserts a number of grounds for relief, at bottom Hill requests to be "released from custody" because there is "no material evidence or credible testimony" supporting his pending prosecution in state court. (*Id.*, PageID.6.)

In general, federal courts do not consider pretrial habeas corpus petitions where "the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981). There are narrow exceptions to this rule, including that federal courts may consider pretrial petitions requesting an order mandating the state to proceed promptly to trial in accord with the petitioner's right to a speedy trial. *See id.* at 547. However, even under that exception, the petitioner must still exhaust available state court remedies prior to filing a petition. *See id.* And "[i]t is the petitioner's burden to prove exhaustion." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Here, Hill's petition is premature.  He has not yet stood trial, and public records indicate he has not yet filed any appeals in this case.  The Court has no reason to doubt that he will have an opportunity to present the issues raised in his petition to the trial court and, if necessary, on appeal.  Moreover, while his petition suggests he may be claiming a speedy trial violation, which in certain circumstances may warrant pretrial habeas relief, it does not appear that he has exhausted his speedy trial claims, and that claim is thus not appropriately before this Court at this time. *See Atkins*, 644 F.2d at 547; *Rust*, 17 F.3d at 160.

Accordingly, the Court denies Hill's petition without requiring Respondent to respond, because it appears from Hill's petition that he is not entitled to habeas relief. *See Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 862 (E.D. Wis. 1999).

### III

The Court will also deny Hill a certificate of appealability.  Under 28 U.S.C. § 2253(c)(1)(A), Hill must obtain a certificate of appealability before appealing this Court's denial of his habeas petition.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Lyons v. Ohio Adult Parole Auth.*, 105 F. 3d 1063, 1073 (6th Cir. 1997).

For all the reasons stated in this opinion, Hill has failed to make a substantial showing of the denial of a federal constitutional right.  Jurists of reason would not find this Court's resolution of Hill's claims – particularly, this Court's conclusion that he

has not exhausted his claims – to be debatable or that they should receive encouragement to proceed further. *See Myers v. Straub*, 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

However, the Court will grant Hill leave to appeal *in forma pauperis*. Such leave may be granted where the Court finds that an appeal would be taken in good faith. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764-65 (E.D. Mich. 2002). "Good faith" requires only a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Id.* at 765. Here, the Court does not find that Hill's claims to be frivolous, and accordingly grants Hill leave to appeal *in forma pauperis*.

## IV

For all the reasons provided above, Hill's petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**, and a certificate of appealability is **DENIED**. The Court **GRANTS** Hill leave to appeal *in forma pauperis*.

IT IS SO ORDERED.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  November 8, 2021

4

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 8, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764